Dolores Ortiz Axtmayer, demandante y apelada, *v.* Las Monjas Racing Corporation y Pedro L. Ortiz, demandados y apelantes.

Núm. 7818.—*Sometido:* Noviembre 18, 1938.  *Resuelto:* Enero 31, 1939.

*Leopoldo Feliú,* abogado de los apelantes; *Aurelio Torres Braschi,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Se trata de una apelación interpuesta contra una sentencia dictada por la Corte de Distrito de San Juan.

En 23 de agosto de 1938 se presentó ante este tribunal una moción para desestimar el recurso por falta de alegato y por ser el mismo frívolo. Antes de eso la corporación apelante había solicitado una prórroga para radicar su alegato que fué denegada por razón de que la misma se radicó tres días después de haber vencido el término original. En 14 de septiembre de 1938 nos negamos a reconsiderar nuestra resolución declarando sin lugar la moción de prórroga.

La vista de la moción de desestimación fué celebrada el 21 de noviembre. Ninguna de las partes compareció.

De acuerdo con el procedimiento estricto la apelada tendría derecho a solicitar la desestimación de este recurso ya que el alegato de la apelante no fué radicado en tiempo. Sin embargo, ejerceremos nuestra discreción y examinaremos dicho alegato para ver si los hechos allí expuestos y las cuestiones de derecho levantadas justifican la continuación del recurso de apelación.

La Corte de Distrito de San Juan resolvió que Dolores Ortiz Axtmayer tenía derecho a una participación en el importe del "pool" correspondiente a las carreras que se celebraron en el hipódromo Las Monjas el día 6 de di-

ciembre de 1936. La corporación demandada descansó, para una de sus principales defensas, en la regla que aparece impresa en letras pequeñas al dorso de todo cuadro y que expresa que ningún boleto tendrá efecto o le concederá derecho alguno hasta que el mismo llegue a manos de la corporación y fuese debidamente sellado en su oficina principal en el hipódromo. La persona que de ordinario compra un boleto no examina su dorso para ver las condiciones que estén allí impresas. Un caso análogo es el de la venta de boletos por porteadores públicos. La jurisprudencia es al efecto de que si un comprador se acerca a una ventanilla y obtiene un boleto de ordinario no está obligado por ninguna de las condiciones impresas al dorso del mismo, mas una persona que realiza un contrato especial con dicho porteador sí lo está.

La corporación también sostuvo que la persona que le vendió el cuadro a Dolores Ortiz Axtmayer no tenía autoridad para hacer dicha venta, ya que no se probó que existiese relación alguna de principal y agente (nexo jurídico) entre tal persona y la corporación.

Pedro L. Rodríguez tenía un contrato con Las Monjas Racing Corporation mediante el cual disfrutaba del dominio absoluto de la venta y distribución de cuadros. Bajo el mismo, ya por autoridad directa o implícita, él nombraba subagentes. Así fué que nombró a Flora Chévere subagente suyo y la agencia se instaló en un pequeño establecimiento contiguo al Teatro Fox. Sucede que ella raras veces visitaba dicho establecimiento y que su hermano estaba a cargo de la venta de los cuadros y era el dueño del negocio. Guillermo Vázquez, era, al tiempo de la compra del cuadro por Dolores Ortiz Axtmayer, un empleado del hermano de Flora Chévere. No hay duda alguna de que Vázquez vendía cuadros para el "pool" a todas las personas que acudiesen a él y pagasen el precio y que en varias ocasiones anteriores le había vendido cuadros a Dolores Ortiz Axtmayer.

El día de las carreras y antes de que las mismas comenzaran Vázquez cogió un número de cuadros para llevarlos a la oficina principal de Las Monjas Racing Corporation, pero el cuadro adquirido por Dolores Ortiz Axtmayer no fué entregado a dicha corporación. De la declaración de Vázquez se desprende que él lo perdió.

Si Rodríguez hubiera sido personalmente responsable de esta falta de entrega, nos sentiríamos obligados a resolver que la corporación hubiera estado impedida de negar la existencia del contrato entre Las Monjas y la demandante apelada. Su subagente debidamente nombrada, Flora Chévere, está igualmente impedida de negar dicho contrato. La venta por Vázquez puede decirse que fué consentida (*countenanced*) tanto por Flora Chévere como por su principal. Como hemos indicado anteriormente, las palabras impresas al dorso del cuadro no ayudan a la apelante.

Nos inclinamos a creer que en sus méritos la apelación es frívola, pero más directamente quizá podemos decir que estudiados los méritos hemos hallado razón suficiente para desestimar la apelación por falta de alegato y no encontramos nada que justifique la continuación del recurso.

*Debe desestimarse la apelación.*

El Juez Presidente Sr. Del Toro no intervino.